UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCISCA RAMIREZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 15-cv-979 |
| v. | ) | |
| | ) | |
| STELLAR RECOVERY, INC. and | ) | |
| BLITT & GAINES, P.C., | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Francisca Ramirez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/9 ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Francisca Ramirez ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted HSBC Bank Nevada, N.A. consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Stellar Recovery, Inc. ("Stellar") is a Florida corporation with its principal place of business at 4500 Salisbury Rd., Suite 105, Jacksonville, FL 32216. It does or

transacts business in Illinois. Its registered agent and office are Business Filings Incorporated, 118 W. Edwards St., Suite 200, Springfield, IL 62704. (See Exhibit A, Record from Illinois Secretary of State)

5. Defendant Stellar is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant Stellar holds a collection agency license from the State of Illinois. (See Exhibit B, Record from Illinois Department of Financial and Professional Regulation).

7. Defendant Stellar is a debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, and then attempts to collect the full alleged amount through its own debt collection activities, as well as through other debt collectors.

8. Defendant Stellar is a "debt collector" as defined in 15 U.S.C § 1692a(6) of the FDCPA.

9. Defendant, Blitt & Gaines, P.C. ("Blitt"), is a law firm organized as an Illinois Professional corporation with it's principal offices and registered agent located at 661 Glenn Avenue, Wheeling, IL 60090. (Exhibit C, Record from the Illinois Secretary of State).

10. Blitt is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

11. Blitt regularly files suit in the State of Illinois to attempt to collect consumer debts held by others.

12. Defendant Blitt is a "debt collector" as that term is defined in 15 U.S.C § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

13. Plaintiff incurred a debt for goods and services used for personal, household or family purposes, originally for an HSBC Bank Nevada, N.A. consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

14. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

15. Stellar purportedly purchased the alleged debt sometime thereafter.

16. Stellar subsequently retained or hired the Law Office of Blitt & Gaines, P.C. ("Blitt"), to attempt to collect the alleged debt from Plaintiff. Upon information and belief, Blitt was at all times authorized to act on behalf of Stellar to attempt to collect the alleged debt from Plaintiff.

17. On or about November 12, 2013, Blitt filed a complaint on behalf of Stellar against Plaintiff to collect the alleged debt, which was filed in the Circuit Court of Cook County, First Municipal District, and styled *Stellar Recovery, Inc. vs. Francisca Ramirez*, Case No. 13-M1-155075 ("State Action"). (Exhibit D, Small Claims Complaint).

18. Plaintiff subsequently retained or hired The Thompson Firm, P.C. ("Thompson") to pursue alleged violations of the Fair Debt Collection Practices Act.

19. On or about August 16, 2014, Thompson filed a complaint on behalf of Plaintiff against Stellar for violations of the FDCPA, which was filed in the United States District Court for the Northern District of Illinois, Eastern Division, and styled *Francisca Ramirez vs. Stellar Recovery, Inc.*, Case No. 1:14-cv-06331 ("Federal Action"). (Exhibit E, Federal Court Complaint).

20. On or about October 17, 2014, Plaintiff and Stellar came to an out of court agreement.

21. As of October 17, 2014, there was no alleged debt owed by Plaintiff to Defendant Stellar, and Plaintiff's legal aid attorneys closed the matter.

22. Several months later, on or about January 8, 2015, Blitt subsequently sought and obtained a default judgment against Plaintiff in the State Action. (Exhibit F, Default Order).

23. Plaintiff was informed of the default judgment when she received a post-card from the circuit court clerk informing her of the judgment, and of Blitt's intent to prove up damages on the alleged debt on March 5, 2015.

24. Plaintiff was alarmed by this news, and thought her attorneys had mishandled the case, as they had assured her that the State Action would be dismissed with prejudice.

25. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of –**
  **(A) The character, amount, or legal status of any debt. . . .**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

26. Blitt and Stellar made false representations on the legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(5) when it claimed that the debt was owed, and threatened to continue to sue on a non-existent debt.

27. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

28. Blitt and Stellar used unfair or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1) when they attempted to prosecute a collection lawsuit on a non-existent debt.

29. Stellar is liable for the acts and omission of Blitt committed in connection with efforts to collect the alleged debt from Plaintiff. (See *Fox v. Citicorp Credit Services, Inc*., 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P*., 225 F.3d 379 (3rd Cir. 2000)).

30. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—BLITT & STELLAR

31. Plaintiff re-alleges paragraphs 1-30 as if set forth fully in this count.

32. Stellar made false representation on the legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(5) when it claimed that the debt is owed, and threatened to continue to sue on a non-existent debt.

33. Stellar used unfair or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1) when it attempted to continue a lawsuit on a non-existent debt.

34. As a further result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendant for the count alleged above for:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

## COUNT II-ILLINOIS COLLECTION AGENCY ACT—STELLAR

35. Plaintiff incorporates paragraphs 1-34.

36. Defendant Stellar violated the following provisions of the Illinois Collection Agency Act, 225 ILCS 425/9:

> **. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

37. A private right of action exists for violation of the ICAA against Stellar. *Sherman v Field Clinic*, 74 Ill. App.3d 21, 392 N.E.2d 154 (1st. Dist. 1979).

38. Plaintiff suffered actual damages as the result of Defendant's actions, in that Plaintiff spent money and time defending the State Action against the false claims, and suffered emotional distress as a result of Defendant Stellar's actions.

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendant Stellar for the count alleged above for:

    A.    Compensatory and punitive damages;

    B.    Costs; and

  C. Such other or further relief as the Court deems proper.

## JURY DEMAND

  Plaintiff demands trial by jury.

By: s/ Bryan Paul Thompson
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com